IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 1:22-CR-37 (LAG) |
| | : |
| **TYSHION NAUTESE HICKS** | : |
| | : |
| Defendant | : |
| | : |

**PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

WHEREAS, on February 21, 2024, Defendant Tyshion Nautese Hicks (hereinafter "Hicks" or "Defendant"), pled guilty to Counts One and Two of the Indictment charging her with Conspiracy to Commit Mail Fraud, in violation of Title 18, United States Code, Section 1349, and Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A;

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, proceeds traceable to said violation(s), or a conspiracy to commit such offense, including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, the United States filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Hicks for a

money judgment in an amount to be determined at sentencing, and one (1) 1970 Chevrolet, Model, Chevelle SS, VIN: 136370A134294;

AND WHEREAS, Defendant Hicks filed a Response to Motion and Memorandum of the United States and Defendants Request for Denial of a Preliminary Order of Forfeiture/Money Judgment;

AND WHEREAS, the United States and Defendant Hicks entered into a Forfeiture Stipulation for the forfeiture of the following, to wit:

**MONEY JUDGMENT**

A. A personal money judgment in the amount of one million, two hundred fifty-three thousand, nine hundred seventy-eight dollars ($1,253,978.00), representing proceeds traceable to the offense(s) in violation of Title 18, United States Code, Section 1349; and

**VEHICLE**

One (1) 1970 Chevrolet, Model, Chevelle SS, VIN: 136370A134294;

AND WHEREAS, as part of the Forfeiture Stipulation, the United States agreed not to seek the forfeiture of Defendant Hicks' residence, located at 7840 Hwy 215, Vienna, Georgia, 31092, as a substitute asset;

AND WHEREAS, the United States having filed an Amended Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Hicks as stipulated by the United States and Defendant Hicks;

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the vehicle; (2) that the vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), in conjunction with 28 U.S.C. § 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense(s);

AND WHEREAS, based on the Forfeiture Stipulation between the United States and Defendant Hicks, the Court has determined that the amount of the personal money judgment to be entered against Defendant Hicks shall be one million, two hundred fifty-three thousand, nine hundred seventy-eight dollars ($1,253,978.00), which represents proceeds traceable to the offense(s) in violation of Title 18, United States Code, Section 1349; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required

nexus between the personal money judgment amount vehicle, and the offense(s) of conviction, and the Defendant shall forfeit to the United States the following, to wit:

**MONEY JUDGMENT**

    A.    A personal money judgment in the amount of one million, two hundred fifty-three thousand, nine hundred seventy-eight dollars ($1,253,978.00), representing proceeds traceable to the offense(s) in violation of Title 18, United States Code, Section 1349; and

**VEHICLE**

    A.    One (1) 1970 Chevrolet, Model, Chevelle SS, VIN: 136370A134294.

    2.    Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the vehicle, and to conduct any discovery that may assist in identifying, locating or disposing of the vehicle or substitute assets, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary as to the judgment for a sum of money. FED. R. CRIM. P. Rule 32.2(c)(1).

    3.    To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the vehicle in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent

4

practicable, provide written notice to any person known to have an alleged interest in the vehicle.

4. Any person, other than the above-named Defendant, asserting a legal interest in the vehicle must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the vehicle, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

5. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of entry as sentencing has already commenced. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.  The United States shall have clear title to the vehicle following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C), for the filing of third-party petitions.

9.  Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment is final as to the Defendant as sentencing has already commenced and it shall be made part of the sentence and included in the judgment.

10. As issued this date, this Order of Forfeiture/Money Judgment includes a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C). The substitute asset provision shall not apply to Defendant Hicks' residence, located at 7840 Hwy 215, Vienna, Georgia, 31092, as agreed to by the United States.

11. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

SO ORDERED, this 27th day of February, 2025.

/s/ Leslie A. Gardner
LESLIE ABRAMS GARDNER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

C. SHANELLE BOOKER
ACTING UNITED STATES ATTORNEY


*/s/ Michael P. Morrill*
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410